*The opinion of the Court was delivered by
Johnson, J.
The first ground presents a question that has been so often decided, that the subject is exhausted. It was a question for the consideration of the jury ; and although the Court will, in its discretion,[1] grant a new trial, in cases where there is a manifest preponderance of evidence opposed to the verdict; where it is balanced, they will not; much less, when the weight of evidence is with the verdict; and on analyzing the evidence in this case, such, I think, will be found to be the fact. The only evidence of marriage was the general opinion, arising from their living together, unaided by any positive proof of cohabitation, and her stating, in one instance, that they were married; opposed to this, was her disowning the name of M’Connel, his not taking upon himself the settlement of the estate of her deceased husband, and his finally leaving her, and living with another in the character of a vyife, and the general opinion, (arising out of the knowledge of the whole circumstances,) that they were not married ; and the provisions of the will itself might have furnished the strongest inducements to an intercourse unhallowed by the bands of matrimony.
The second ground presents two distinct questions, which may be conveniently considered separately:
1. Whether the question, as to the particular estate, was put in issue by the pleadings ?
2. Whether the surprise, of which the plaintiffs complain, entitle them to a new trial ?
1. At the trial below, nothing was said about the state of the pleadings, and no objection was made to the evidence on account of its not being in relation to the issue ; and I think it worthy of consideration, whether, if a party permits evidence to go to a jury on a question growing- out of the case,[2] but which is not put in issue by the pleading, he is not concluded by it. I agree, that where the evidence is exceptionable on account of its character, as if parol evidence is ^admitted where it should have been by deed, that it might furnish sufficient reasons for a new trial; because the Court must of necessity see its impropriety, and may guard against it: but when evidence unexceptionable in itself, and only inadmissible on account of its irrelevancy to the particular issue, the party ought to make the objection when it is offered; for if it is allowed to be excepted to, for the first time, on a motion for a new trial, they must be granted ad infinitum if the party thinks proper to set quiet and permit the evidence to go to the jury; unless it be the duty of the presiding judge to examine into the pleadings in every case which comes before him, a labor intolerable in itself, and productive of an inconvenience equally oppressive to the bench and the bar.
It is also well known, that a practice, founded on a mistaken notion of liberality and much to be deprecated, has grown into common use in many parts of the State, of trying causes without any formal issue; and in fact, with nothing more than the term used to express the character of the plea endorsed on the declaration. If, under such proceedings as *174 these, a party was permitted to avail himself of an objection to the admissibility of evidence, as irrelevant to the issue, on a motion for a new trial, the Court and the opposite party, would be always at the mercy of the mover. It is not however necessary to decide this question here, as, in my view of the subject, the question was put in issue by the pleadings.
Clarke, Solicitor, for the motion. Pearson, contra.
The object of proceeding in partition is to obtain partition and possession of the lands, and the writ authorizes the commissioners to make it according to the respective interest of the parties, and to invest them with the actual possession of their respective portions, whatever, therefore, goes to deny the plaintiffs’ title, or his right of possession, puts it in issue. The plaintiffs declare for an estate in the testator, William Calhoun, the elder, and set out (in their declaration) a devise to William Calhoun, under whom they claim. The defendant traverses the devise modo et forma in *one plea, and in another states a title in himself. These pleas, although not perhaps the most strictly regular, do, in effect, traverse the plaintiffs’ title, and their right of possession ; and if either of them is verified, he was entitled to recover. On these issues the evidence was, not that the testator devised modo et forma, but the same clause in the will, incumbered this right with an estate for the life or widowhood of the widow; and from their own showing, they were not entitled to the possession until it was terminated.
There may be cases, where the Court would grant new trials on the ground of surprise alone ; but it must arise out of facts, which are in their nature calculated to produce that effect, and against which a party could not be reasonably expected to be prepared.[1] But that can never be the case, when it arises out of th a face of a paper, on which alone the right of the party to recover depends. To grant a new trial on such grounds, would be to do so at the will of the party, until they were weary of litigation. The motion must therefore be dismissed.
OoLCOOK, Nott and Gantt, JJ., concurred.
Cuetes, J.
I doubt whether this testimony could avail the defendant, under the state of the pleadings.

 2 N. & McC. 115.

 Post. 549; 4 Strob. 658; Rich. 282.

 2 Bail. 24.